

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 31, 2013

The Honorable Daynah Fallwell
Wilson County Attorney
1103 Fourth Street
Floresville, Texas 78114-2014

Opinion No. GA-1007

Re: Whether a county may regulate, as a subdivision, the partition of a tract of land in the unincorporated portion of the county under Local Government Code chapter 232 or Health and Safety Code chapter 121 (RQ-1103-GA)

Dear Ms. Fallwell:

Your predecessor in office asked whether a county may regulate, as a subdivision, the partition of land into individual tracts in the unincorporated portion of Wilson County under chapter 232 of the Local Government Code.[1] He described residential developments consisting of small cabin-type rental units in the Eagle Ford Shale area. Request Letter at 1, 3. According to the Request Letter, "[e]ach individual residence is placed on its own tract of land, and common areas, such as parking lots, and the functional equivalent of streets, are laid out by the developer[,]" but "title to the individual cabins and tracts does not pass." *Id.* at 1. The Request Letter argues that the commissioners court may "deem such developments 'subdivisions'" under chapter 232 of the Local Government Code because the cabins "are on a divided tract of land, are separate residential units, and create a need for waste removal, potable water, electricity and emergency services" much like other developments that have been held subject to subdivision regulation. *Id.* at 5. The Request Letter does not indicate whether these developments might constitute manufactured home rental communities. *See* TEX. LOC. GOV'T CODE ANN. § 232.007(a)(1) (West 2005) (defining "manufactured home rental community"). Accordingly, our analysis does not consider the effect of such a designation.

Chapter 232 of the Local Government Code requires an owner of a tract of land outside a municipality to

> have a plat of the subdivision prepared if the owner divides the tract into two or more parts to lay out: (1) a subdivision of the tract, including an addition; (2) lots; or (3) streets, alleys, squares,

---

[1]*See* Letter from Honorable Russell Wilson, Wilson Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 28, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

> parks, or other parts of the tract intended to be dedicated to public
> use or for the use of purchasers or owners of lots fronting on or
> adjacent to the streets, alleys, squares, parks, or other parts.

*Id.* § 232.001(a). "To determine whether specific divisions of land are required to be platted," the commissioners court "may define and classify the divisions," subject to certain restrictions. *Id.* § 232.0015(a). The commissioners court may also impose plat approval requirements on subdivisions, including payment of application fees, road construction specifications, drainage specifications, groundwater adequacy certification, and the posting of a bond or other financial guarantee. *See id.* §§ 232.002(a)–.0021, .003–.0032, .004–.0045 (West 2005 & Supp. 2012). Additionally, the commissioners court "may adopt rules governing plats and subdivisions of land within the unincorporated area of the county to promote the health, safety, morals, or general welfare of the county and the safe, orderly, and healthful development of the unincorporated area of the county," subject to certain restrictions. *Id.* § 232.101(a), (c) (West Supp. 2012).

Subchapter A of chapter 232 does not define the term "subdivision" other than to exclude a manufactured home community from its scope. *Id.* 232.007(b) (West 2005). Subsection 232.001(a–1) provides that a division of land for platting requirement purposes "includes a division regardless of whether it is made by using a metes and bounds description in a deed of conveyance or in a contract for a deed, by using a contract of sale or other executory contract to convey, *or by using any other method.*" *Id.* § 232.001(a–1) (emphasis added). Courts have consistently construed this language broadly to include tract divisions made for purposes other than sale of the tract. One court of appeals found that nothing in the predecessor to section 232.001(a) requires "that lots be offered for sale in order to constitute a 'subdivision.'" *Cowboy Country Estates v. Ellis Cnty.*, 692 S.W.2d 882, 886 (Tex. App.—Waco 1985, no writ). Similarly, another court of appeals held that a landowner who divided his land into rental spaces "effected a 'subdivision' of his property," noting that the term, for purposes of a municipal platting and subdivision statute, "may refer simply to the act of partition itself, regardless of whether an actual transfer of ownership . . . occurs" or is even intended. *City of Weslaco v. Carpenter*, 694 S.W.2d 601, 603 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Based on these decisions, a court would likely conclude that, under the facts presented in the Request Letter, a county may regulate the partition of land for a residential development in the unincorporated portion of the county as a subdivision under chapter 232 of the Local Government Code regardless of whether there has been a transfer of title to individual tracts.[2]

Your predecessor in office also asked in the alternative whether chapter 121 of the Health and Safety Code could be used to regulate the type of development described in the Request Letter. *See* Request Letter at 1. Because we have determined that a court would likely uphold the county's use of chapter 232 of the Local Government Code to regulate the development as a

---

[2]We rely solely on the facts as presented in the Request Letter. *See* Tex. Att'y Gen. Op. No. GA-0760 (2010) at 1, n.2. Any factual dispute that may exist regarding the nature of the residential developments in question is not the subject of this opinion, and this opinion should not be construed as resolving any such dispute.

subdivision, we need not consider chapter 121 of the Health and Safety Code. We note, however, that chapter 121, the Local Public Health Reorganization Act, contains no provision for subdivision regulation that could serve as an alternative to chapter 232 of the Local Government Code. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 121.001–.103 (West 2010).

**S U M M A R Y**

Under the facts presented, a county may regulate, as a subdivision, the partition of land for a residential development in the unincorporated portion of the county under chapter 232 of the Local Government Code regardless of whether there has been a transfer of title to individual tracts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee